IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANIEL VANDERCOOK,<br>individually and on behalf of all others similarly situated,<br>　　*Plaintiff*,<br><br>v.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC,<br>　　*Defendant* | CIVIL ACTION NO. 3:16-cv-1440<br><br><br><br>COMPLAINT – CLASS ACTION |

### ORIGINAL CLASS ACTION COMPLAINT

*Jury Trial Requested*

Plaintiff Daniel Vandercook (hereinafter "Plaintiff") files this Original Class Action Complaint. Plaintiff institutes the action in accordance with, and to remedy violations by, Defendant Dynamic Recovery Solutions, LLC of the Fair Debt Collection Practices Act, 15 U.S.C.A. §1692 *et seq.* (hereinafter "FDCPA) and the Texas Debt Collection Act, TEX. FIN. CODE § 392.001 *et seq.* (hereinafter "TDCA"). Plaintiff brings this action individually and on behalf of all other persons similarly situated to recover damages and to enjoin Defendant Dynamic Recovery Solutions, LLC from its unlawful conduct.

I.
PARTIES

1.Plaintiff Daniel Vandercook is a natural person who resides in Dallas County, Texas and is a "consumer" as defined by 15 U.S.C. §1692a(3) and TEX. FIN. CODE § 392.001(1).

2. Defendant Dynamic Recovery Solutions, LLC is a South Carolina corporation with its principal place of business is at 135 Interstate Boulevard #6, Greenville, South Carolina 29615.

3. All conditions precedent to the Plaintiff proceeding with this lawsuit have occurred.

## II.
## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq.*

5. Pursuant to 28 U.S.C.A. § 1367(a), Plaintiff and each member of the class invokes the supplemental jurisdiction of this Court to hear and decide claims against the Defendant arising under state law.

6. Venue in this District is appropriate under 28 U.S.C.A. §§ 1391 (b) and (c) and 1441(a) because: (i) Defendant is actively doing business in this State and is subject to personal jurisdiction throughout the State; (ii) Defendant transacts business in the State and in the District by and through the collection of consumer debts in this State and District; and (iii) a substantial part of the acts, transactions, events and/or omissions giving rise to the claims occurred in this District. Venue is also proper in this District because the Plaintiff has resided in this District at all times relevant to these claims and a substantial part of the events giving rise to the claims occurred in the District.

## III.
## THE FAIR DEBT COLLECTION PRACTICES ACT,
## 15 U.S.C. § 1692 *et seq*.

7. In enacting the FDCPA, Congress explicitly found that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" that "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). As stated in the preamble to the law,

the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  "The statute is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) *citing Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).  Given this purpose, it logically follows that "[t]he FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages." *Smith v. Procollect, Inc.*, 2011 WL 1375667, *7 (E.D. Tex. April 12, 2001) (citations omitted).  "In other words, the FDCPA 'is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not.'" *Id. quoting Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998).

## IV.
## FACTS RELATED TO PLAINTIFF DANIEL VANDERCOOK

8. On or before January 25, 2016, an obligation (the "Debt") was allegedly incurred to the original creditor, Verizon Wireless ("Creditor").

9. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and therefore it meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. Creditor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

11. On or before January 25, 2016, the Debt was assigned to or purchased by Pinnacle Credit Services, LLC.

12. Pinnacle Credit Services then hired Defendant Dynamic Recovery Solutions, LLC to collect on the Debt.

13. Defendant meets the definition of a "debt collector" under TEX. FIN. CODE § 392.001(6) and 15 U.S.C. § 1692a(6).

14. Defendant contends that the Debt is in default.

15. On or about January 25, 2016, Defendant Dynamic Recovery Solutions, LLC caused to be delivered to the Plaintiff a collection letter (hereinafter "Letter") in an attempt to collect the Debt. This letter is attached as **Exhibit A.**

16. This letter meets the definition of "debt collection" under TEX. FIN. CODE § 392.001(5) and the definition of "communication" as defined by 15 U.S.C. §1692a(2).

17. The Letter stated in part:

> 1. You may resolve your account for $165.72 if payment is received before 03/04/16. We are not obligated to renew this offer. Upon receipt and clearance of your payment, this account will be considered satisfied and closed, and a satisfaction letter will be issued or;
>
> 2. You may resolve your account for $198.86 in 2 payments starting on 03/04/16. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of these two payments of $99.43, this account will be considered satisfied and closed, and a satisfaction letter will be issued or:
>
> 3. You may resolve your account for $232.00 in 4 payments starting 03/04/16. We are not obligated to review this officer. The payments can be no more than 30 days apart. Upon receipt and clearance of these four payments of $58.00, this account will be considered satisfied and closed, and a satisfaction letter will be issued or;
>
> 4. If you are unable to accept the above offer(s), please contact our office for a partial payment plan that you can afford. We take pride in working with all customers, regardless of your current financial position.

18. As of January 15, 2016, more than four years had elapsed since the last payment or activity on the Debt that is the subject of the Letter.

19. Though the Defendant states in the closing of its Letter that the alleged debt is time-barred, the Defendant failed to inform the Plaintiff that should he choose **any** of these payment plans, this would have the effect of resetting and restarting the statute of limitations applicable to the collection of the debt.

20. The Letter does not inform the Plaintiff that should the statute of limitations reset, that

Defendant, or any subsequent buyer of the alleged debt, may have the right to commence legal action, which otherwise would have been time barred.

21. Defendant regularly sends letters seeking to collect debts which are time-barred, that do not disclose the fact that partial and/or monthly payments will reset the debt.

22. Defendant regularly sends collection letters on time-barred debts, offering small monthly payment plans, but does not inform the consumer that the statute of limitations will reset upon making the **first** monthly payment.

23. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA and the TDCA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

24. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A,** to at least 50 natural persons in the State of Texas within one year of the date of this Complaint.

## V.
## CLASS ALLEGATIONS

25. This action is maintained as a class action on behalf of the following described class (hereinafter collectively referred to as "the Class"):

   a. All persons who reside in Texas and from whom, on or after May 26, 2014, Dynamic Recovery Solutions, LLC sought to collect, or did collect, a time-barred consumer debt and to whom Dynamic Recovery Solutions, LLC sent a letter containing an offer of payment terms which letter also failed to inform the person that the statute of limitations would reset and restart upon Plaintiff's partial payment.

26. The unlawful actions of Defendant entitle Plaintiff and each Class Member to statutory damages as well as injunctive relief.

27. The members of the Class for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable. The exact number of Class Members is unknown

to Plaintiff. However, the number of the Class Members is reasonably believed to be in the thousands, and they can be determined from records maintained by Defendant.

28. Plaintiff will fairly and adequately protect the interests of each Class Member and has retained counsel experienced and capable in class action litigation and in the fields of debt collection and consumer law. Plaintiff understands and appreciates his duties to each member of the Class under FED. R. CIV. P. RULE 23 and is committed to vigorously protecting the rights of absent Class Members.

29. Plaintiff is asserting claims that are typical of the claims of each Class Member he seeks to represent, in that Defendant engaged in the collection and/or attempted collection of debts from each Class Member he seeks to represent in the same manner – and utilizing the same methods – as Defendant utilized against the Plaintiff. All claims alleged on behalf of each Class Member flow from this conduct. Further, there is no conflict between Plaintiff and any Class Member with respect to this action.

30. There is a well-defined community of interest in the questions of law and fact affecting the parties to be represented. Questions of law and fact arising out of Defendant's conduct are common to all Class Members, and such common issues of law and fact predominate over any questions affecting only individual Class Members. Issues of law and fact common to members of the class include, but are not limited to, the following:

    a. Whether Defendant is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act;

    b. Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692e(10);

    c. Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692e(2)(A);

    d. Whether Defendant's failure to notify a consumer debtor that by making – or agreeing to make – partial payment that the statute of limitation applicable to the collection of the debt will be restarted is a violation of 15 U.S.C.A. § 1692e;

    e.    Whether Defendant is a "debt collector" as that term is defined by the Texas Debt Collection Act;

    f.    Whether Defendant's actions constitute a violation of TEX. FIN. CODE § 392.304(a)(8);

    g.    Whether Defendant's actions constitute a violation of TEX. FIN. CODE § 392.304(a)(18);

    h.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

    i.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution;

    j.    Whether Plaintiff and the Class are entitled to declaratory relief; and

    k.    Whether Defendant should be enjoined from engaging in such conduct in the future.

31.    The relief sought by each Class Member is common to the entirety of each respective class.

32.    Defendant has acted on grounds generally applicable to the Class, thereby making formal declaratory relief or corresponding injunctive relief appropriate with respect to the Class as a whole. Therefore, certification pursuant to FED. R. CIV. P. 23(b)(2) is warranted.

33.    This action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for Defendant.

34.    This action is properly maintained as a class action in that the prosecution of separate actions by Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

35. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein given that, among other things:

   a. significant economies of time, effort, and expense will inure to the benefit of the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

   b. the size of the individual damages claims of most Class Members is too small to make individual litigation an economically viable alternative, such that few Class Members have any interest in individually controlling the prosecution of a separate action;

   c. without the representation provided by Plaintiff herein, few, if any, Class Members will receive legal representation or redress for their injuries;

   d. class treatment is required for optimal deterrence;

   e. despite the relatively small size of the claims of many individual Class Members, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

   f. no unusual difficulties are likely to be encountered in the management of this class action;

   g. absent a class action, Defendant's illegal conduct shall go unremedied and uncorrected; and

   h. absent a class action, the members of the class will not receive compensation and will continue to be subjected to Defendant's illegal conduct.

36. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual members of the class, and result in judicial consistency.

## VI.
## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION ACT

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Defendant is a debt collector as defined by the FDCPA. *See* 15 U.S.C. § 1692a(6).

39. Plaintiff is a consumer as defined by the FDCPA. *See* 15 U.S.C. § 1692a(3).

40. The debt that Defendant sought to collect was a consumer debt as defined by the FDCPA. *See* 15 U.S.C. § 1692a(5).

41. 15 U.S.C. §1692e states that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant used false representation or deceptive means in an attempt to collect a debt, when it failed to notify the Plaintiff that by making a partial payment, the statute of limitation would restart.

43. Defendant's conduct violated 15 U.S.C. § 1692e(2)(A) in that it made false, deceptive, and misleading representations concerning the character, amount, or legal status of the Debt.

44. As a result of Defendant's violations of 15 U.S.C. § 1692e *et seq.*, Plaintiff and Class members are each entitled to actual and statutory damages.

45. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### COUNT TWO
### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT,
### TEX. FIN. CODE § 392.001, *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein

47.     The acts of Defendant constitute violations of the TDCA.  *See* TEX. FIN. CODE § 392.001 *et seq.*

48.     Defendant Professional Finance Company, Inc. is a "debt collector" as defined by the TDCA.  *See* TEX. FIN. CODE §§ 392.001(6).

49.     Plaintiff is a "consumer" as defined by the TDCA.  *See* TEX. FIN. CODE § 392.001(1).

50.     The debt that Defendant sought to collect was a consumer debt as defined by the TDCA.  *See* TEX. FIN. CODE § 392.001(2).

51.     The TDCA limits the rights of debt collectors in an effort to protect the rights of consumers.

52.     Specifically, Texas Finance Code §392.304(a)(8) states, in pertinent part, that "a debt collector may not use a fraudulent, deceptive, or misleading representation that employs . . . misrepresenting the character, extent, or amount of a consumer debt."

53.     Defendant's conduct violated Texas Finance Code §392.304(a)(8) in that Defendant used a deceptive and misleading representation in its attempts to collect a debt when it failed to notify the Plaintiff that by making a partial payment, the statute of limitations would restart.

54.     Texas Finance Code § 392.304(a)(19) prohibits the use of any "deceptive means to collect a debt."   Defendant's conduct violated Texas Finance Code §392.304(a)(19) in that Defendant's failure to notify the Plaintiff that by making a partial payment, the statute of limitations would restart was a deceptive means to collect the Debt.

55.     Defendant's described actions in violation of the Texas Debt Collection Act have directly and proximately caused Named Plaintiff and Class Members injury for which they are entitled to actual damages, statutory damages, and reasonable attorneys' fees and costs, declaratory relief, injunctive relief, and other legal and equitable relief pleaded herein.

## VI.
## VICARIOUS LIABILITY

56. At all times relevant hereto, the individual debt collectors who contacted or attempted to contact Plaintiff or any member of any of the class were employed by Defendant and were working in the course and scope of their employment with Defendant. Defendant had the right to control their activities. Therefore, Defendant is liable for their actions, inactions, and conduct which violated the FDCPA and TDCA and proximately caused damages to Plaintiff and each member of the class as described herein.

## VII.
## JURY REQUEST

57. Plaintiff requests that this matter be tried before a jury.

WHEREFORE, Plaintiff and the Class Members pray that the Court enter judgment in their favor against Defendant as follows:

a. Enter an order certifying this action as a class action pursuant to FED. R. CIV. P. 23(b)(2) and/or 23(b)(3).
b. Declaring:
   i. Defendant's actions violated the FDCPA;
   ii. Defendant's actions violated the TDCA;
c. Enjoin Defendant from committing further violations of the FDCPA and the TDCA;
d. Awarding Plaintiff and Class Members damages under the FDCPA and the TDCA;
e. Awarding Plaintiff and Class Members reasonable attorneys' fees, expenses and costs; and
f. Granting such other relief that equity and the law deems appropriate.

Dated:  May 26, 2016  Respectfully submitted,

By: /s/ Walt D. Roper
**THE ROPER FIRM, P.C.**
Walt D. Roper
TX State Bar No. 00786208
3001 Knox Street
Suite 405
Dallas, Texas 75205
214.420.4520
214.856.8480 - Facsimile
walt@roperfirm.com

Yitzchak Zelman
NJ State Bar No 015872012
**MARCUS & ZELMAN, LLC**
1500 Allaire Avenue
Suite 101
Ocean, NJ 07712
732.695.3282
732.298.6256 - Facsimile
yzelman@marcuszelman.com
(Northern District Application Pending)

**ATTORNEYS FOR PLAINTIFFS**

# Exhibit A

**DYNAMIC RECOVERY SOLUTIONS**
PO BOX 25759
Greenville, SC 29616-0759

01/25/16

Daniel J Vandercook
18950 Lina St Apt 914
Dallas TX 75287-2449

Current Balance:
**$662.86**
Facility:
**VERIZON WIRELESS**
Date of Service:
**12/12/2007**
Original Account Number:
**\*\*66197**
Current Creditor:
**Pinnacle Credit Services, LLC**
Current Account Number:
**044252952**

1. You may resolve your account for $165.72 if payment is received before 03/04/16. We are not obligated to renew this offer. Upon receipt and clearance of your payment, this account will be considered satisfied and closed, and a satisfaction letter will be issued or;

2. You may resolve your account for $198.86 in 2 payments starting on 03/04/16. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of these two payments of $99.43, this account will be considered satisfied and closed, and a satisfaction letter will be issued or;

3. You may resolve your account for $232.00 in 4 payments starting on 03/04/16. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of these four payments of $58.00, this account will be considered satisfied and closed, and a satisfaction letter will be issued or;

4. If you are unable to accept the above offer(s), please contact our office for a partial payment plan that you can afford. We take pride in working with all customers, regardless of your current financial position.

### We Have Many Options For You To Make A Payment

| Pay Online | Pay By Phone | Pay By Mail |
|---|---|---|
| http://drs.cssimpact.com/negotiator/ | Please Call 877-821-1659 | Mail Payment to: |
| Accepts Visa and MasterCard. | Visa, MasterCard | **PO Box 25759** |
| | Available Mon-Fri 8AM-9PM EST | **Greenville, SC 29616-0759** |

**ACH DISCLOSURE:** When you provide a check as payment, you authorize us either to use information from your check to make an electronic funds transfer from your account or to process the payment as a check transaction. When information from your check is used to make electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment. You will not receive your check back from your financial institution.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**All U.S. Residents:** The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.

PLEASE SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION.
Please Detach and Return in the Enclosed Envelope with Your Payment

 Member of ACA  DSS COMPLIANT     Scan this QR Code with your smart phone to Pay by Phone 

✂ IMPORTANT: TO RECEIVE PROPER CREDIT BE SURE TO ENCLOSE BELOW PORTION WITH YOUR PAYMENT ✂

**DYNAMIC RECOVERY SOLUTIONS**
P.O. Box 25759
Greenville, SC 29616-0759
**RETURN SERVICE REQUESTED**

Creditor: Pinnacle Credit Services,    Acct #: 044252952    Balance: $662.86
**PAY BY PHONE TOLL-FREE:**      **OR PAY BY CREDIT CARD:**
877-821-1659       VISA    MasterCard

Card #: _____ 3-Digit CCV: _____
Expiration Date: _____/_____/_____ Payment Amt: $_____
Print Name_____
Signature_____

Daniel J Vandercook
18950 Lina St Apt 914
Dallas TX 75287-2449

**RETURN IN PROVIDED ENVELOPE TO:**

DYNAMIC RECOVERY SOLUTIONS
P.O. BOX 25759
GREENVILLE, SC 29616-0759

**VANDERCOOK 000001**

The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.

**All U.S. Residents:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**All U.S. Residents:** The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.

**VANDERCOOK 000002**